UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN SPORTS COUNCIL, a nonprofit corporation, | ) | No. _____ |
| | ) | |
| | ) | |
| P.O. Box 53356 | ) | |
| Washington, DC  20009-9356 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| and ARNE DUNCAN in his official capacity as | ) | |
| Secretary of the Department of Education, | ) | |
| | ) | |
| Lyndon Baines Johnson | ) | |
| Department of Education Building | ) | |
| 400 Maryland Avenue SW | ) | |
| Washington, DC  20202 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS

Case No. _____, *American Sports Council v. U.S. Dep't of Educ.*

Certificate required by LCvR 7.1 and LCvR 26.1 of the Local Rules of the United States

District Court for the District of Columbia:

I, the undersigned, counsel of record for Plaintiff American Sports Council (formerly known

as College Sports Council), certify that to the best of my knowledge and belief, the following are

parent companies, subsidiaries or affiliates of American Sports Council which have any outstanding

securities in the hands of the public.

None. _____

I, the undersigned, counsel of record for Plaintiff American Sports Council, certify that to

the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates,

*or companies which own at least 10% of the stock* of American Sports Council which have any

outstanding securities in the hands of the public.

None. _____

These representations are made in order that judges of this court may determine the need for

recusal.

JOSHUA P. THOMPSON

Attorney of Record for Plaintiff
American Sports Council

- i -

## INTRODUCTION

1.      Student athletes have lost tens of thousands of organized athletic opportunities at the collegiate level since the institution of the Three-Part Test in 1979.  *See generally* Jennifer R. Capasso, Note, *Structure Versus Effect:  Revealing the Unconstitutional Operation of Title IX's Athletic Provisions*, 46 B.C. L. Rev. 825, 840-42 (2005) (detailing the cuts to athletic programs as a result of the Three-Part Test).  If high schools are required to submit to the same regulatory burdens as have colleges over the past three decades, high school athletes and their teams will face similar discrimination in the form of numerical quotas on sex-specific athletic participation.  Such unlawfully discriminatory decisions, resulting from an improper, illegal, and unconstitutional interpretation of Title IX and its regulatory regime, deprive students of the many benefits of athletic participation that include character building, the development of leadership skills, and the encouragement of physical fitness.  Plaintiff American Sports Council (Council), a nonprofit organization, challenges the decision of the Defendant United States Department of Education (Department) to deny Plaintiff's Petition to Repeal, Amend, and Clarify Rules Applying Title IX to High School Athletics (Petition).  The Department's decision to deny the Petition was arbitrary and capricious, not in accordance with law, in excess of statutory jurisdiction and authority, and contrary to constitutional right and power.  The Council's civil action, brought under the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq.*, seeks a declaration from this Court that: (1) application of the Three-Part Test, 44 Fed. Reg. 71,413 (Dec. 11, 1979), to high school athletics contravenes the plain meaning of its enabling statute; Pub. L. No. 93-380, § 844, 88 Stat. 484, 612 (1974); (2) the Three-Part Test, by its own terms, does not apply to high school athletics; and (3) the Three-Part Test cannot be constitutionally applied to high schools under the principles of equal protection in the Fifth and Fourteenth Amendments to the United States Constitution.  Further, the

Council seeks an injunction from this Court enjoining the Department from applying the Three-Part Test to high schools.  The Council seeks a remand to the Department with instructions to grant the Council's Petition.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 2201 (authorizing declaratory relief); § 2202 (authorizing injunctive relief); and 5 U.S.C. § 702 (providing for judicial review of agency action under the APA).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), because the Department resides and is headquartered in this district, and 28 U.S.C. § 1391(e)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Venue in this judicial district also is proper under 28 U.S.C. § 1391(e)(3), because the Council's principal place of business is in this district.

## PARTIES

4.      Plaintiff AMERICAN SPORTS COUNCIL is a nonprofit organization organized under the laws of the District of Columbia.  The Council is a national coalition of coaches, athletes, former-athletes, parents, and fans who are devoted to preserving and promoting opportunities for students to participate in organized athletics, and who have experienced the impact of the Three-Part Test.  Through advocacy and outreach, the Council is devoted to protecting opportunities for students to participate in sports.  The Council fully embraces the intent of Title IX:  to prohibit intentional discrimination based on sex, and eliminate from federally funded education all sex-based "quotas" and "percentage balances."  *See* 117 Cong. Rec. 30,409, 39,262 (1971); 118 Cong. Rec. 5812 (1972). The Council believes that the manner in which Title IX is now being enforced by the Department

should be reformed, so that the law can continue to provide enforcement for eliminating intentional discrimination, but also so that agency interpretation no longer compels discriminatory quotas.  To that end, in 2007, the Council (previously named College Sports Council) petitioned the Department of Education to repeal, amend, or clarify rules applying Title IX to high school athletics.  The Council has standing for declaratory and injunctive relief to sue the Department over the denial of its Petition.

5.       Defendant UNITED STATES DEPARTMENT OF EDUCATION is an agency of the United States established pursuant to the Department of Education Organization Act, Pub. L. No. 96-88, 93 Stat. 668 (Oct. 17, 1979).  It is the agency with the primary responsibility over interpreting Title IX of the Education Amendments of 1972.  The Department denied the Council's Petition in March of 2008.

6.       Defendant ARNE DUNCAN is Secretary of the Department of Education, and oversees the Department's application of the Three-Part Test.  He is sued in his official capacity only.

## LEGAL BACKGROUND

7.       Enacted on June 23, 1972, Title IX of the Education Amendments of 1972 (Title IX) prohibits sex-discrimination in certain federally funded education programs.  Its operative provision reads:  "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).

8.       Congress included in Title IX a restriction against preferential treatment linked to statistical disparities within the total population.  20 U.S.C. § 1681(b).

9.      In 1974, Congress amended Title IX (Javits Amendment) directing the Secretary of the United States Department of Education (formerly the Secretary of Health, Education, and Welfare (HEW)) to "prepare and publish . . . regulations implementing the provisions of Title IX of the Education Amendments of 1972 relating to the prohibition of sex discrimination in federally assisted education programs which shall include with respect to *intercollegiate* athletic activities reasonable provisions considering the nature of particular sports."  Pub. L. No. 93-380, § 844, 88 Stat. 484, 612 (1974) (emphasis added).

10.     Pursuant to the Javits Amendment, the Secretary published regulations requiring institutions receiving federal assistance "to take the interests of both sexes into account in determining what sports to offer."  40 Fed. Reg. 24,128, 24,134 (June 4, 1975).

11.     In 1979, HEW issued an interpretive rule titled, *A Policy Interpretation: Title IX and Intercollegiate Athletics*, 44 Fed. Reg. 71,413, *et seq.* (Dec. 11, 1979) (1979 Interpretation).  The 1979 Interpretation narrowed the methods that collegiate institutions could use to demonstrate compliance with Title IX (the Three-Part Test):

> (1) Whether intercollegiate level participation opportunities for male and female students are provided in numbers substantially proportionate to their respective enrollments; or (2) Where the members of one sex have been and are underrepresented among intercollegiate athletes, whether the institution can show a history and continuing practice of program expansion which is demonstrably responsive to the developing interest and abilities of the members of that sex; or (3) Where the members of one sex are underrepresented among intercollegiate athletes, and the institution cannot show a continuing practice of program expansion such as that cited above, whether it can be demonstrated that the interests and abilities of the members of that sex have been fully and effectively accommodated by the present program.

1979 Interpretation.

12.     With respect to high school athletics, the 1979 Interpretation reads:  "This Policy Interpretation is designed *specifically for intercollegiate athletics*.  However, its general principles

will often apply to club, intramural, and interscholastic athletic programs, which are also covered by regulation.  Accordingly, the Policy Interpretation *may* be used for guidance by the administrators of such programs when appropriate." 44 Fed. Reg. at 71,413-14 (emphasis added, footnote omitted).

13.     Since its publication in 1979, the Department has issued four policy clarifications regarding the Three-Part Test.  *See Intercollegiate Athletics Policy Clarification:  The Three-Part Test—Part Three* (Apr. 20, 2010); *Additional Clarification of Intercollegiate Athletics Policy:  The Three-Part Test—Part Three* (Mar. 17, 2005); *Further Clarification of Intercollegiate Athletics Policy Guidance Regarding Title IX Compliance* (July 11, 2003); and *Clarification of Intercollegiate Athletics Policy Guidance:  The Three-Part Test* (Jan. 16, 1996).  None of the clarifications purport to apply to high school athletics.  None of the policy clarifications has the administrative or legal formality necessary to apply the Three-Part Test to high school athletics.

## PROCEDURAL BACKGROUND

14.     The 1979 Interpretation is a rule under the APA.  5 U.S.C. § 551(4) ("'rule' means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy").

15.     The APA gives "interested" parties the right to petition for the amendment or rescission of an agency rule.  5 U.S.C. § 553(e).

16.     On June 19, 2007, the Council petitioned the Department to "Repeal, Amend, and Clarify Rules Applying Title IX to High School Athletics."  A true and correct copy of the Petition, dated June 19, 2007, is attached to this Complaint as Exhibit 1 and is incorporated by reference.

17.     On March 27, 2008, the Department denied the Council's Petition.  A true and correct copy of the Department's denial, dated March 27, 2008, is attached to this Complaint as Exhibit 2 and is incorporated by reference.

18.     The APA grants the right of judicial review to interested parties when an agency denies a petition to rescind a rule.  5 U.S.C. §§ 702, 704.

19.     The limitations period for APA claims is six years.  28 U.S.C. § 2401(a).

## INJUNCTIVE RELIEF ALLEGATIONS

20.     The Council hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 19 as though fully set forth herein.

21.     If an injunction does not issue enjoining Defendants from enforcing the Three-Part Test against high schools athletics, the Council will be irreparably harmed.  Council represents the interests of student-athletes, parents, and coaches that are detrimentally affected by application of the Three-Part Test to high school athletics.  Specifically, the Council is informed and believes and upon such information and belief alleges, that application of the Three-Part Test to high school athletics will result in reductions in beneficial athletic opportunities for student-athletes, and fewer coaching opportunities.

22.     Plaintiff is informed and believes and upon such information and belief alleges that, administrative complaints have been, and will continue to be filed with the United States Department of Education's Office of Civil Rights against high schools receiving federal financial assistance for failing to comply with the Three-Part Test.  *See* National Women's Law Center, *Rally for Girls' Sports:  She'll Win More Than a Game* (Nov. 10, 2010) (describing 12 administrative complaints recently filed against 12 high school districts nationwide alleging discrimination for failing to comply with the Three-Part Test), *available at* http://www.nwlc.org/resource/rally-girls-sports-shell-win-more-game (last visited June 17, 2011).

23.     The Council has been contacted by high school administrators regarding the Offices of Civil Rights' investigations into the administrative complaints filed by the National Women's

Law Center.  These administrators have expressed concerns over the ramification to student athletes of having to comply with the proportionality mandates of the Three-Part Test.

24.    Council has no plain, speedy, and adequate remedy at law.

25.    If not enjoined by this Court, the Department will continue to enforce or rely on the Three-Part Test in adjudicating claims of sex-discrimination at high schools.

26.    Accordingly, injunctive relief is appropriate.

### DECLARATORY RELIEF ALLEGATIONS

27.    The Council hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28.    An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.  The Council contends that application of the Three-Part Test to high school athletics contravenes the plain meaning of the Javits Amendment, and the plain meaning of the Three-Part Test itself.  Further, the Council contends that application of the Three-Part Test to high school athletics violates the equal protection guarantees in the Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff is informed and believes, and therefore alleges, that Defendants dispute that application of the Three-Part Test to high school athletics is not in accordance with the law.

29.    This case is presently justiciable because the Department's decision to deny the Council's Petition is the direct result of final agency action that has caused and will continue to cause cognizable injury to the Council.

30.    The Council represents student-athletes, parents, and coaches.  Plaintiff is informed and believes and upon such information and belief alleges that they have been, are, and will be directly, adversely, and irreparably affected by the Department's illegal determination to apply the

Three-Part Test to high school athletics. A judicial determination of rights and responsibilities arising from this actual controversy is necessary and appropriate at this time.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE ADMINISTRATIVE
### PROCEDURE ACT (5 U.S.C. § 706(2)(A))

**(Application of the Three-Part Test to High Schools Receiving
Federal Funding Exceeds the Authority Delegated by Congress)**

31.     Council hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

32.     A reviewing court may "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In cases where a petition asks for the repeal of a rule on the grounds that it is inconsistent with the authorizing statute, the court, proceeding under the APA's "not in accordance with law" standard, *id.*, applies the traditional rules of deference to agency interpretations of statutes. Under those rules, an agency interpretation cannot stand if it conflicts with the statute's plain meaning. *See Chevron U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837, 843 n.9 (1984).

33.     The Javits Amendment provides the statutory basis for the Three-Part Test. *A Policy Interpretation: Title IX and Intercollegiate Athletics*, 44 Fed. Reg. 71,413, *et seq.* (Dec. 11, 1979).

34.     The Javits Amendment unambiguously directs the Secretary of HEW to propose regulations only with respect to intercollegiate sports. Pub. L. No. 93-380, § 844, 88 Stat. 484, 612 (1974). The Javits Amendment does not authorize the Department to issue regulations for scholastic sports. This is a fact recognized by HEW when it issued the Three-Part Test. *See* 44 Fed. Reg. at 71,415 ("[T]he 'Javits' Amendment' . . . instructed HEW to make 'reasonable (regulatory)

provisions considering the nature of particular sports' in intercollegiate athletics."). Therefore, under the plain meaning of the Javits Amendment, the Three-Part Test cannot apply to high schools.

35.     The Council's Petition asked the Department to repeal, amend, or clarify that the Three-Part Test did not apply to high school athletics on the grounds that such an application would contravene the plain meaning of the Javits Amendment.  The Department denied that request.

36.     Accordingly, the Department's denial of the Council's Petition is arbitrary and capricious, and not in accordance with law, in violation of the APA.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE ADMINISTRATIVE
PROCEDURE ACT (5 U.S.C. § 706(2)(A))**

**(Application of the Three-Part Test to High Schools Receiving
Federal Funding Is Not Authorized Under the 1979 Interpretation)**

37.     The Council hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 as though fully set forth herein.

38.     A reviewing court may "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  In cases where the petition asks for the repeal of a rule on the grounds that an agency is misinterpreting the plain meaning of its own rule, the agency is not entitled to deference.

39.     The plain meaning of the rule that established the Three-Part Test, as the title of 1979 interpretation makes clear, applies only to intercollegiate athletics—"A Policy Interpretation: Title IX and Intercollegiate Athletics."  44 Fed. Reg. 71,413, *et seq.* (Dec. 11, 1979).  After issuance of the 1979 Interpretation, HEW continued to treat high school athletics differently than it treated collegiate athletics.  44 Fed. Reg. 76,864 (Dec. 28, 1979).

40.    The Council's Petition asked the Department to repeal, amend, or clarify that the Three-Part Test did not apply to high school athletics on the grounds that such an application would contravene the plain meaning of the Three-Part Test itself.  The Department denied that request.

41.    Accordingly, the Department's denial of Council's Petition is arbitrary and capricious, and not in accordance with law, in violation of the APA.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE ADMINISTRATIVE
### PROCEDURE ACT (5 U.S.C. § 706(2)(B))

**(Application of the Three-Part Test to High Schools Receiving Federal Funding Violates the Fifth and Fourteenth Amendments to the United States Constitution)**

42.    The Council hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 41 as though fully set forth herein.

43.    A reviewing court may "hold unlawful and set aside agency action . . . found to be—contrary to constitutional right."  5 U.S.C. § 706(2)(B).  In cases where the petition contends that an agency rule offends the Constitution, and for that reason should be repealed, the court affords no deference to the agency but instead reviews the constitutional issues independently.

44.    The Fifth and Fourteenth Amendments, guaranteeing equal protection of the laws, serve as the constitutional basis for persons who seek to bring sex-based discrimination claims against government actors.

45.    All sex-based classifications must be supported by an "exceedingly persuasive justification" and substantially related to the achievement of that underlying objective.  *United States v. Virginia*, 518 U.S. 515, 524 (1996) (citation omitted).

46.    A governmental body that creates a sex-based classification purporting to remedy discrimination against women must present "sufficiently probative evidence" of discrimination.  *See*

*Eng'g Contractors Ass'n of S. Fla. Inc. v. Metropolitan Dade County*, 122 F.3d 895, 910 (11th Cir.

1997); *Contractors Ass'n of E. Pa., Inc. v. City of Philadelphia*, 6 F.3d 990, 1010 (3d Cir. 1993).

47.     In issuing the 1979 Policy Interpretation, HEW studied and presented evidence of sex

discrimination in America's colleges and universities.  However, neither the Department, nor HEW,

has ever undertaken any kind of study or proffered any evidentiary basis to justify applying the

Three-Part Test to high school athletics.  Accordingly, the Department has no evidentiary basis, let

alone a "sufficiently probative" one, to support applying the Three-Part Test to high schools.

48.     The Council's Petition asked the Department to repeal, amend, or clarify that the

Three-Part Test did not apply to high schools athletics on the grounds that such an application would

violate the Fifth and Fourteenth Amendment's guarantee of equal protection.  The Department

denied that request.

49.     The Department's denial of the Council's Petition is, therefore, contrary to

constitutional right, power, privilege, or immunity.

## PRAYER FOR RELIEF

Wherefore, the Council prays for judgment as follows:

As to the First Claim for Relief:

1.     A declaration that the Department's determination that application of the Three-Part

Test to high school athletics does not violate the plain meaning of the Javits Amendment was

arbitrary and capricious, and not in accordance with law, in violation of the APA.  5 U.S.C.

§ 706(2)(A).

As to the Second Claim for Relief:

2.     A declaration that the Department's determination that application of the Three-Part

Test to high school athletics does not violate the plain meaning of the 1979 Interpretation was

arbitrary and capricious, and not in accordance with law, in violation of the APA. 5 U.S.C. § 706(2)(A).

As to the Third Claim for Relief:

3.     A declaration that the Department's determination that application of the Three-Part Test to high school athletics does not violate the guarantee of equal protection in the Fifth and Fourteenth Amendments to the United States Constitution was contrary to constitutional right, power, privilege, or immunity, in violation of the APA. 5 U.S.C. § 706(2)(B).

As to all Claims for Relief:

4.     That this Court permanently enjoin the Department, Secretary Duncan, the Department's staff, employees, and administrators from enforcing, threatening to enforce, or otherwise giving effect to the Department's determination that the Three-Part Test applies to high school athletics.

5.     That this Court remand this matter back to the Department with instructions to grant the Council's Petition.

6.     For an award of attorneys' fees, expenses, and costs.

7.     For such other relief as the Court deems just and proper.

DATED: July 15, 2011.

                              Respectfully submitted,

                              SHARON L. BROWN, Cal. Bar No. 119246*
                              DAMIEN M. SCHIFF, Cal. Bar No. 235101*
                              JOSHUA P. THOMPSON
                              ADAM R. POMEROY, Cal. Bar No. 272517*
                              Pacific Legal Foundation


                              By
                                    JOSHUA P. THOMPSON

                              D.C. District Court Bar No. TX0084
                              Cal. Bar. No. 250955
                              Pacific Legal Foundation
                              3900 Lennane Drive, Suite 200
                              Sacramento, California 95834
                              E-mail: jpt@pacificlegal.org
                              Telephone: (916) 419-7111
                              Facsimile: (916) 419-7747

                              Attorneys for Plaintiff

                              * pro hac vice pending

- 13 -